RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5156-13T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

J.R.T., Jr.,

 Defendant-Appellant.
____________________________

 Submitted September 27, 2016 – Decided June 16, 2017

 Before Judges Kennedy and Gilson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Passaic County,
 Indictment Nos. 09-11-1280 and 10-02-0149.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Elizabeth C. Jarit, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Camelia M. Valdes, Passaic County Prosecutor,
 attorney for respondent (Robert J. Wisse,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Following the denial of his motion to suppress his statements

to a law enforcement officer, defendant J.R.T., Jr. pled guilty
to two counts of second-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4(a). He was sentenced in accordance with his plea

agreement to concurrent terms of nine years in prison. Defendant

appeals the denial of his motion to suppress and his sentences.

We affirm.

 I.

 In 2009, the Passaic County Prosecutor's Office (PCPO)

received information that defendant had allegedly sexually

assaulted his two children. The assaults reportedly occurred a

number of years earlier, between 1994 and 2004, when the children

were less than thirteen years of age.

 A detective with PCPO opened an investigation. Initially,

the detective spoke with both children. On November 13, 2009, the

detective went to where defendant resided and asked him to come

to PCPO for an interview. Defendant agreed.

 The interview was video and audio recorded. At the beginning

of the interview, the detective read defendant his Miranda1 rights.

Defendant stated that he understood each of his rights and he

agreed to speak with the detective.

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-5156-13T1
 During the interview, the detective told defendant that he

wanted defendant to respect him and he would respect defendant.

The detective stated:

 I want to talk about certain things, one of
 the things I want you to know is, between these
 four walls, just like, when we went to your
 house, [inaudible] treated you with respect,
 you treated me with respect, and I hope and
 expect to receive the same in this room.
 Between these four walls, you know? I'm gonna
 respect you and at the very least I would
 expect to receive the respect back too.

 Later in the interview, the detective told defendant:

 This is your chance now. This is like an open
 forum. This is almost like going to church,
 you have the podium, you air it out. Like
 going to drug counseling where you state your
 name and [say] you have a problem.

Thereafter, defendant made incriminating statements concerning the

sexual assaults of his children.

 In 2010, a grand jury indicted defendant on six counts of

sexual assault and endangering the welfare of his two children.

With regard to his daughter, defendant was indicted for first-

degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-

degree sexual assault, N.J.S.A. 2C:14-2(b); and second-degree

endangering the welfare of a child, N.J.S.A. 2C:24-4(a). With

regard to his son, defendant was indicted for second-degree

attempting to commit aggravated sexual assault, N.J.S.A. 2C:5-1

and N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A.

 3 A-5156-13T1
2C:14-2(b); and second-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4(a).

 Defendant moved to suppress the statements that he had given

to the detective. An evidentiary hearing was held, during which

the detective was the only witness. The State also submitted into

evidence a DVD containing the recorded interview between defendant

and the detective.

 After hearing the detective's testimony and reviewing the

video recording of the interview, the court denied the motion to

suppress the statements. The court found that defendant had been

given his Miranda warnings, defendant understood his rights, and

defendant voluntarily agreed to speak with the detective. The

court then found that the detective's statements to defendant,

when viewed in the totality of the circumstances, did not

contradict or undermine the Miranda warnings. Specifically, the

court found that the detective's statements did not amount to a

promise or assurance that any statement made by defendant would

be treated as off the record, secret, or confidential. On April

21, 2011, the court entered an order denying defendant's motion

to suppress his statements.

 In June 2011, defendant pled guilty to two counts of second-

degree endangering the welfare of his children. Defendant had

also previously pled guilty to third-degree possession of heroin,

 4 A-5156-13T1
N.J.S.A. 2C:25-10(a)(1). On March 14, 2014, defendant was

sentenced on all three convictions.2 In accordance with his plea

agreement, defendant was sentenced to nine years in prison on each

of the convictions for second-degree endangering the welfare of a

child. Those sentences were run concurrent. Defendant was also

sentenced to three years in prison for the conviction for third-

degree possession of heroin. That sentence was run concurrent to

the sentences for the second-degree convictions.

 II.

 On appeal, defendant raises two arguments:

 POINT I – BECAUSE THE POLICE CONVEYED TO
 [J.R.T.] THAT HIS STATEMENTS WOULD BE
 CONFIDENTIAL, HIS STATEMENT WAS
 UNCONSTITUTIONALLY OBTAINED, REQUIRING
 SUPRESSION

 POINT II – BECAUSE THE COURT CONSIDERED
 [J.R.T.'s] ADDICTION IN AGGRAVATION,
 NEGLECTED TO CONSIDER MEDICAL RECORDS
 SUBSTANTIATING MITIGATING FACTOR ELEVEN, AND
 CONDUCTED A QUANTITATIVE RATHER THAN
 QUALITATIVE ANALYSIS, A REMAND FOR
 RESENTENCING IS REQUIRED

2
 The record does not explain why there was almost a three-year
gap between when defendant pled guilty in June 2011, and his
sentencing in March 2014. Defendant did move to withdraw his
guilty plea to the second-degree endangering the welfare of
children indictments, but that motion was denied. The denial of
the motion to withdraw the guilty plea has not been challenged on
this appeal and we deem that issue to be waived and abandoned.
See El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155
n. 2 (App. Div. 2005) (citing In re Certification of Need of
Bloomingdale Convalescent Ctr., 233 N.J. Super. 46, 48 n. 1 (App.
Div. 1989)).

 5 A-5156-13T1
 We are not persuaded by either of these arguments, and we

will address them in turn.

 A. The Motion to Suppress

 The Fifth Amendment of the United States Constitution

guarantees all persons with the privilege against self-

incrimination. U.S. Const. amend. V. This privilege applies to

the states through the Fourteenth Amendment. U.S. Const. amend.

XIV; Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229,

1233, 14 L. Ed. 2d 106, 110 (1965). Moreover, in New Jersey,

there is a common law privilege against self-incrimination, which

has been codified in statutes and rules of evidence. N.J.S.A.

2A:84A-19; N.J.R.E. 503; State v. Reed, 133 N.J. 237, 250 (1993).

Accordingly, it has long been established that when a person is

taken into custody or otherwise deprived of his or her freedom,

that person is entitled to certain warnings before he or she can

be questioned. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602,

16 L. Ed. 2d 694 (1966).

 After receiving Miranda warnings, a suspect may knowingly

and intelligently waive these rights and agree to answer questions

or make statements. Ibid. The State, however, must establish

beyond a reasonable doubt that a waiver of the Miranda rights was

intelligent, voluntary, and knowing. State v. Nyhammer, 197 N.J.

383, 400-01, cert. denied, 558 U.S. 831, 130 S. Ct. 65, 175 L. Ed.

 6 A-5156-13T1
2d 48 (2009); State v. Presha, 163 N.J. 304, 313 (2000); State v.

Galloway, 133 N.J. 631, 654 (1993).

 In determining whether a statement is voluntary, courts

consider the totality of the circumstances, including the

characteristics of the accused and the details of the questions.

State v. Knight, 183 N.J. 449, 462-63 (2005) (citing Galloway,

supra, 133 N.J. at 654). "Relevant factors include the defendant's

age, education, intelligence, advice concerning his [or her]

constitutional rights, length of detention, and the nature of the

questioning . . . ." State v. Bey, 112 N.J. 123, 135 (1988)

(citing Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S. Ct.

2041, 2047, 36 L. Ed. 2d 854, 862 (1973)).

 When reviewing a trial court's decision on a motion to

suppress statements, appellate courts generally defer to the fact-

findings of the trial court when they are supported by sufficient

credible evidence in the record. See Nyhammer, supra, 197 N.J.

at 409 (citing State v. Elders, 192 N.J. 224, 243-44 (2007)); see

also State v. W.B., 205 N.J. 588, 603 n.4 (2011) ("As the finding

of compliance with Miranda and voluntariness turned on factual and

credibility determinations, we need only find sufficient credible

evidence in the record to sustain the trial judge's findings and

conclusions." (citing Elders, supra, 192 N.J. at 242-44)).

Moreover, we defer to a trial court judge's findings "which are

 7 A-5156-13T1
substantially influenced by [the judge's] opportunity to hear and

see the witnesses and to have the 'feel' of the case, which a

reviewing court cannot enjoy[.]" State v. Davila, 203 N.J. 97,

109-10 (2010) (quoting State v. Johnson, 42 N.J. 146, 161-62

(1964)).

 When a defendant's statement is videotaped, however, and "the

trial court's factual findings are based only on its viewing of a

recorded interrogation that is equally available to the appellate

court . . ., deference to the trial court's interpretation is not

required." State v. Diaz-Bridges, 208 N.J. 544, 566 (2012). We

review de novo the trial court's legal conclusions that flow from

established facts. See State v. Mann, 203 N.J. 328, 337 (2010).

 Here, defendant contends that the detective made two

statements that effectively assured defendant that any statements

he made would be confidential. The trial court, however, rejected

that argument and found that the detective's statements did not

convey an assurance of confidentiality.

 In the first statement, the detective referenced the

interview taking place "[b]etween these four walls[.]" The trial

court found that the statement was made in the context of the

detective telling defendant that he would respect defendant and

that he wanted defendant to respect him. Moreover, the trial

court also found that when the detective made that statement, the

 8 A-5156-13T1
detective also told defendant that he would have to speak with his

superiors. Thus, the trial court found that when viewed in the

totality of the circumstances, the statement by the detective was

not an assurance of confidentiality.

 In the second statement, the detective told defendant that

it was his chance to speak at "an open forum," similar to church,

or at drug counseling. While the trial court did not directly

address that statement, the court did find that all of the

detective's statements had to be viewed in the totality of the

circumstances and that none of the statements by the detective

gave defendant an assurance of confidentiality.

 Having reviewed the record and considered the arguments of

defendant, we discern no error in the trial court's findings.

Defendant was given his Miranda warnings. Defendant understood

those warnings and then voluntarily and intelligently agreed to

speak with the detective. Thereafter, nothing the detective said

to defendant undercut or contradicted the Miranda warnings when

viewed in the totality of the circumstances. Accordingly, we

affirm the denial of the motion to suppress.

 In arguing that the detective's statements violated his Fifth

Amendment rights, defendant relies on this court's decision in

State v. Pillar, 359 N.J. Super. 249 (App. Div.), certif. denied,

177 N.J. 572 (2003). The facts in Pillar, however, are

 9 A-5156-13T1
distinguishable from the facts of this case. The defendant in

Pillar was charged with sexually abusing a child. Id. at 257.

When questioned by a detective, defendant invoked his right to

have an attorney before providing a statement. Id. at 262. The

defendant then stated that he wanted to "say something 'off-the-

record.'" Ibid. After the detective agreed to listen, the

defendant confessed to fondling the minor victim. Ibid. Given

those facts, we held that "the statement, made immediately

following administration of Miranda warnings and after an

assurance from an officer that defendant could make a statement

'off-the-record,' was not only obtained in violation of Miranda

but was involuntary." Id. at 257. In this case, defendant never

requested an attorney. Moreover, the detective did not agree to

speak with defendant off the record.

 The facts in this case are also distinguishable from the

facts in State v. Puryear, 441 N.J. Super. 280 (App. Div. 2015).

The two defendants in Puryear each made certain incriminating

statements to the police while in custody. Id. at 287-88. Before

making those statements, the police provided incorrect and

misleading advice that effectively neutralized the Miranda

warnings. Id. at 288-290. Specifically, a detective told

defendant Puryear that he could not hurt himself by giving the

statement prior to administering the Miranda warnings. Ibid. In

 10 A-5156-13T1
defendant Brown's case, after he was provided with the Miranda

warnings, Brown asked a detective what it meant that his statement

could be used against him in a court of law. Ibid. A detective

told Brown that it meant that if Brown lied, his statement could

be used against him. Ibid. Under the totality of the

circumstances, we found that the State failed to prove that the

defendants in Puryear completely understood all of their Miranda

rights. Id. at 297. Here, as the trial court found, defendant

understood his rights and waived those rights. The statements

made by the detective did not undermine or contradict the Miranda

warnings.

 B. The Sentences

 Defendant contends that the sentencing court improperly found

certain aggravating factors by considering defendant's history of

drug addiction. Defendant also contends that the court failed to

consider his medical records in evaluating mitigating factors.

Finally, defendant contends that the sentencing court engaged in

a quantitative, rather than a qualitative, analysis and failed to

articulate the weight afforded to each of the aggravating and

mitigating factors.

 We review sentencing decisions for an abuse of discretion.

State v. Blackmon, 202 N.J. 283, 297 (2010). Accordingly, if a

sentencing court finds and balances the aggravating and mitigating

 11 A-5156-13T1
factors based on competent, credible evidence in the record and

imposes a sentence within the range established by statute, we

will generally affirm such a sentence unless it shocks the judicial

conscience. State v. Fuentes, 217 N.J. 57, 70 (2014).

Furthermore, when a defendant receives the sentence he bargained

for, a presumption of reasonableness attaches to that sentence.

Id. at 70-71.

 In sentencing defendant here, the court found aggravating

factors three, the likelihood that defendant would commit other

crimes, N.J.S.A. 2C:44-1(a)(3), and nine, the need to deter,

N.J.S.A. 2C:44-1(a)(9). The court amply explained the factual

basis for those findings. The court also did not inappropriately

consider defendant's past use of illegal drugs.

 The sentencing judge then found mitigating factor eleven,

excessive hardship, N.J.S.A. 2C:44-1(b)(11). The court explained

that the aggravating factors preponderated over the mitigating

factor.

 Having appropriately evaluated the aggravating and mitigating

factors, the court imposed the sentence agreed to in the plea

agreement. We find no error or abuse of discretion in defendant's

sentences.

 Affirmed.

 12 A-5156-13T1